UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JUSTIN E. YOUNG,
    Plaintiff,

vs.

UNITED STATES OF
AMERICA/REPUBLICAN PARTY, et al.,
    Defendants

Case No. 1:25-cv-559
Cole, J.
Litkovitz, M.J.

REPORT AND
RECOMMENDATION

Plaintiff, a resident of Cincinnati, Ohio, has filed a civil complaint against the United States of America/Republican Party, Texas, Elon Musk, The Supreme Court of Ohio, The Justice Department, "Red" States, Donald Trump, Jr., "F.B.I. Federal Bureau of Investigators," Department of the Treasury, (S.S.A.) Social Security Administration, Opportunities for Ohioans With Disabilities Division of Disability Determination Agency, United States Department of Agriculture, United States Department of Labor, Department of Homeland Security, United States Department of Defense, and Republican National Committee (RNC). (Doc. 1-1, Doc. 1-4). He then filed an amended complaint and second amended complaint naming additional defendants. (Docs. 1-5, 1-6). By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

This matter is now before the Court for a s*ua sponte* review of the complaint to determine whether the complaint or any portion of it should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

## Screening of Complaint

### A. Legal Standard

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant

whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke,* 490 U.S. at 328-29; *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915 (e)(2)(B)(ii). A complaint filed by a pro se plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell*

2

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

B. **Plaintiff's Complaint**

Plaintiff has tendered four complaints, with the most recent complaint entitled "'Clean' Amended Complaint" (Doc. 1-6), which the Court construes as the operative complaint.[1] This complaint names "(DOGE) Department of Government Efficiency" and six individuals as additional defendants. (Doc. 1-6 at PAGEID 260). Plaintiff's complaint is rambling and

---

[1] "An amended complaint supersedes an earlier complaint for all purposes." *In re Refrigerant Compressors Antitrust Litigation,* 731 F.3d 586, 589 (6th Cir. 2013); *see also Pacific Bell Telephone Co. v. Linkline Commc'ns, Inc.,* 555 U.S. 438, 456 n. 4 (2009).

disjointed. As best the Court can discern from the complaint and attachments thereto, plaintiff alleges his Social Security benefits were intentionally "stolen" from him by the defendants. He also alleges defendant Trump is guilty of treason under 18 U.S.C. § 2381:

> Under DONALD J TRUMP JR. leadership the United States of America has down spiraled! Donald promotes "Make America Great Again" but he really is out to make his pockets "rich again" with back door deals the American people do not know about! Donald has promoted nuclear wars, race wars, and party wars since he got back in office for a second term. Donald has been breaking promises that he promoted during his campaign trail! Donald does not care about the people or citizens of our country! Donald would rather send Americans to other countries in a back door deals with other countries. Donald would rather lock up homeless people instead helping those Americans get back on the right track! Donald has done some of the most unprecedented actions as the president of the UNITED STATES of AMERICA after 200 days in power! Donald and his administration continue to attack the AMERICAN people! Now, Donald is using these explosive "tariffs" to weaken the citizens pockets along with our economy! Donald fear mongers with these new tariffs! Donald says if the country does not adhere to its new tariffs then our country will go through or be like the Great Depression! Donald is also trying to fake the citizens out with Trump's stimulus checks as well! That is slap to the face from our president! Donald has national parties fighting over control, especially in TEXAS! We have the RNC using the F.B.I to attack the Democrats! It is DEMOCRAT VS REPUBLICAN or vice versa! We have the U.S.A. SUPREME COURT being unconstitutional and giving in to Donald's demands! Everyone seems to fear Donald! Well, I am not afraid of Donald! Donald's administration, the RNC, the F.B.I, DOJ, including the Supreme Court, have and continue to commit TREASON! Article III, section 3, clause 1(18 U.S code 2381) is what the citizens of the United States and I CHARGE this administration with!
>
> I tried to tell CONGRESS about the president's actions, but PRESIDENT TRUMP JR. and his administration made sure some of the important fax machines would not be working over the weekend and this prior week. Donald made sure fax machines would be inaccessible for most of CONGRESS even during the week of AUGUST 4, 2025! I even tried to get in contact with my local congressman (Landsman) but failed with my attempts. I am requesting that the court look at all the evidence that I provide and take it into serious consideration! This case involves justice for the UNITED STATES and justice for countries all over the world!

(*Id*. at PAGEID 281). Attached to plaintiff's complaint are what appear to be fax cover sheets for numerous individuals or organizations; photocopies of website pages from The White House

4

and Congress; and several documents related to his Social Security disability appeal. As relief, plaintiff seeks "benefits of $13,245" and any additional monetary award the Court wishes to award. (*Id.*, at PAGEID 265).

### C. Resolution

Plaintiff's allegations are insufficient to state a claim for relief against the named defendants and should be dismissed.

Plaintiff's complaint appears to invoke the Court's federal question jurisdiction. (Doc. 1-6 at PAGEID 270). District courts have original federal question jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In order to invoke the Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331, plaintiff must allege facts showing the cause of action involves an issue of federal law. *See Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987).

First, plaintiff sues defendant Trump under 18 U.S.C. § 2381 for treason. Section 2381 is a criminal statute that "does not create a private right of action and, therefore, cannot be relied upon by a civil plaintiff to state a claim for relief." *Barrett v. Biden*, No. 1:22-cv-02823, 2022 WL 16528195, at *2 (D.D.C. Oct. 25, 2022) (and numerous cases cited therein). Therefore, the complaint fails to state a claim for relief against defendant Trump.

Second, the Court liberally construes the complaint as alleging an appeal from the denial of disability benefits by the Social Security Administration. However, the Court does not have the authority at this juncture to review plaintiff's Social Security claim. The Court may only review a "final decision" of the Commissioner of Social Security after a claimant has exhausted his administrative remedies. 42 U.S.C. § 405(g). "In order to exhaust h[is] administrative remedies, a social security claimant must receive an initial determination of

5

disability; request de novo reconsideration of that determination if dissatisfied; if still dissatisfied, request an evidentiary hearing and a de novo review before an ALJ [administrative law judge]; and then take an appeal to the Appeals Council. After completing this process, the claimant may seek judicial review in federal court." *Leaders v. Comm'r of Soc. Sec.*, No. 15-2559, 2017 WL 11684929, at *2 (6th Cir. Jan. 4, 2017) (citing *Willis v. Sullivan*, 931 F.2d 390, 397 (6th Cir. 1991)) (internal citations omitted). Neither the complaint nor its attachments show plaintiff exhausted the four step administrative appeals process. Therefore, the Court lacks subject matter jurisdiction over plaintiff's claim that his Social Security disability application was wrongly denied. *Id*.

With the exception of defendants Trump and the Social Security Administration, the complaint's allegations do not identify any particular actions undertaken by any of the other named defendants that somehow violated plaintiff's rights. Plaintiff's allegations do not "give the defendant[s] fair notice of what the . . . claim is and the grounds upon which it rests," *Erickson*, 551 U.S. at 93 (citations omitted), nor do they provide any factual content or context from which the Court may reasonably infer that the named defendants violated plaintiff's federal rights. *Iqbal*, 556 U.S. at 678. Therefore, the complaint should be dismissed as to the other defendants.

Accordingly, the complaint fails to state a claim upon which relief may be granted, and the Court lacks jurisdiction over plaintiff's Social Security claim.

**IT IS THEREFORE RECOMMENDED THAT:**

1. The complaint be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).
2. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an

appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.,* 105 F.3d 274, 277 (6th Cir. 1997).

Date: 8/27/2025

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JUSTIN E. YOUNG,            Case No. 1:25-cv-559
    Plaintiff,                      Cole, J.
                                                 Litkovitz, M.J.
   vs.

UNITED STATES OF
AMERICA/REPUBLICAN PARTY, et al.,
    Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).