UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JUSTIN Y.[1],

      Plaintiff,

  v.

UNITED STATES OF
AMERICA/REPUBLICAN PARTY,
et al.,

      Defendants.

Case No. 1:25-cv-559

JUDGE DOUGLAS R. COLE
Magistrate Judge Litkovitz

### ORDER

    In her August 27, 2025 Report and Recommendation (R&R, Doc. 6, #6) Magistrate Judge Litkovitz recommends that the Court dismiss Plaintiff's Complaint (Doc. 1-6)[2] under 28 U.S.C. § 1915(e)(2)(B) because it is legally frivolous and fails to state a claim upon which relief may be granted, and because the Court lacks subject matter jurisdiction over Plaintiff's Social Security claim. Plaintiff did not object to this R&R within the 14-day deadline set out in Federal Rule of Civil Procedure 72(b), but he did move for a Preliminary Injunction on September 11, 2025. (Doc. 12). For the reasons stated more fully below, the Court agrees with and **ADOPTS** the

---

[1] Because this case involves a Social Security claim—which raises significant privacy concerns—the Court refers to the Plaintiff by first name and last initial. *See* General Order 22-01.

[2] Plaintiff has now filed five complaints on the docket (Docs. 1-1, 1-4, 1-5, 1-6, and 5). The two most recent filings are identical versions of what Plaintiff calls the "Clean Amended Complaint" (Docs. 1-6 and 5). The Magistrate Judge treated Doc. 1-6 as the operative complaint, and this Court does the same.

recommendation (Doc. 6) and **DISMISSES** Plaintiff's Complaint (Doc. 1-6) and all other pending motions.

## BACKGROUND

In his Complaint, Plaintiff alleges that his Social Security benefits were intentionally denied by the various Defendants. As best this Court can tell, the Social Security Administration (SSA) notified Plaintiff on January 31, 2025, that his benefits would expire on March 31, 2025, because he was no longer considered disabled. (Doc. 1-6, #302–03). That same notification informed Plaintiff that he had 60 days to appeal that decision, but only 10 days to ask, in writing, for his benefits to continue during that appeal. (*Id.* at #302). According to Plaintiff, the last payment he received was in April of this year. (*Id.* at #313). Based on the SSA ending his payments, Plaintiff raises two claims against the various Defendants: negligence for "manipulating all of the social security operating systems" and a *Bivens* claim for violating 42 U.S.C. § 1981(a) because his "benefits were kept away from [him] intentionally." (*Id.* at #265, 271). Plaintiff also asks for an injunction under 18 U.S.C. §§ 2381 and 1028 against all Defendants because, according to him, a Social Security Administration employee (Defendant #7) stole his I.D. and Social Security number to steal his benefits and because Donald J. Trump[3] (Defendant #2) committed treason. (*Id.* at #274–81).

---

[3] Although Justin's pleading refers to "Donald J. Trump, Jr.," context shows that Justin is in fact referring to President Donald J. Trump. (*See* Doc. 1-6, #281).

2

Because Plaintiff sought to proceed in forma pauperis, the matter was referred under this Court's Cincinnati General Order 22-02 to a Magistrate Judge for initial handling. On August 27, 2025, Magistrate Judge Litkovitz granted Plaintiff's request to proceed in forma pauperis. (Doc. 4). That same day, invoking the Court's screening authority under 28 U.S.C. §§ 1915(e) and 1915(a), the Magistrate Judge issued her R&R recommending dismissal of Plaintiff's Complaint as frivolous because it failed to state a claim upon which relief may be granted, and because the Court lacks subject matter jurisdiction over Plaintiff's Social Security claim. (Doc. 6, #489). First, the Magistrate Judge found that the Complaint's count for an injunction based on Defendant Trump's alleged treason fails because the criminal statute cited, 18 U.S.C. § 2381, does not create a private right of action. (*Id.* at #488 (citing *Barrett v. Biden*, No. 1:22-cv-02823, 2022 WL 16528195, *2 (D.D.C. Oct. 25, 2022))). Next, after liberally construing the other counts as "alleging an appeal from the denial of disability benefits by the Social Security Administration," she found that the Court lacks subject-matter jurisdiction to address that claim. (Doc. 6, #488–89). The Magistrate Judge explained that under 42 U.S.C. § 405(g), courts may only review a final decision of the Social Security Commissioner after a claimant has exhausted his administrative remedies—which requires that the claimant "receive an initial determination of disability; request de novo reconsideration of that determination if dissatisfied; if still dissatisfied, request an evidentiary hearing and a de novo review before an ALJ; and then take an appeal to the Appeals Council." (*Id.* (quoting *Leaders v. Comm'r of Soc. Sec.*, No. 15-2559, 2017 WL 11684929, at *2 (6th Cir. Jan. 4, 2017))).

3

Thus, because "[n]either the complaint nor its attachments show plaintiff exhausted the four step administrative appeals process," Magistrate Judge Litkovitz held that the Court lacks subject matter jurisdiction over Plaintiff's Social Security claim. (Doc. 6, #489). Then, she found that except for Defendants Trump (Defendant #2) and the Social Security Administration (Defendant #4), the Complaint's allegations do not identify any particular actions by any of the other named Defendants that somehow violated Plaintiff's rights. (*Id.*). Because Plaintiff's allegations do not give the other Defendants fair notice of what the claim is or provide any facts from which the Court may reasonably infer that they violated Plaintiff's rights, the R&R recommends dismissing the Complaint as to these other Defendants. (*Id.*). Finally, under 28 U.S.C. § 1915(a), Magistrate Judge Litkovitz found that an appeal of any Order adopting the R&R would not be taken in good faith and therefore recommended denying Plaintiff leave to appeal in forma pauperis. (*Id.* at #490).

The R&R also advised Plaintiff that he had 14 days to serve and file specific written objections, noting that failing to make such objections may forfeit rights on appeal. (*Id.* at #491). *See Thomas v. Arn*, 474 U.S. 140, 152–53 (1985); *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (noting the "fail[ure] to file an[y] objection[s] to the magistrate judge's R&R … [constitutes a] forfeiture" of such objections); 28 U.S.C. § 636(b)(1)(C). Accordingly, Plaintiff needed to object by September 10, 2025. He did not do so. He did, though, opt for an alternative, less-traveled, path—he filed a request for "an injunction immediately" on September 11, 2025. (Doc. 12). There, he

4

asks the Court to order that he receive his Social Security benefits and to order the removal of the President of the United States. (*Id.*).

## LEGAL STANDARD AND ANALYSIS

Under Federal Rule of Civil Procedure 72(b)(3), "district courts review a[] [report and recommendation] de novo after a party files a timely objection." *Bates v. Ohio Dep't of Rehab. & Corr.*, No. 1:22-cv-337, 2023 WL 4348835, at *1 (S.D. Ohio July 5, 2023). But that de novo review requirement extends only to "any portion to which a proper objection was made." *Id.* (citation omitted). In response to such an objection, "the district court may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.* (quoting Fed. R. Civ. P. 72(b)(3)) (cleaned up).

By contrast, if a party makes only a general objection, that "has the same effect[] as would a failure to object." *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). A litigant must identify each issue in the report and recommendation to which he objects with sufficient clarity for the Court to identify it, or else the litigant forfeits the Court's de novo review of the issue. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious.").

That said, Plaintiff is proceeding pro se. A pro se litigant's pleadings should be construed liberally and are subject to less stringent standards than formal pleadings filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Franklin v. Rose*, 765 F.2d 82, 84–85 (6th Cir. 1985). But pro se litigants still must comply with the

5

procedural rules that govern civil cases. *McNeil v. United States*, 508 U.S. 106, 113 (1993). And "[t]he liberal treatment of pro se pleadings does not require lenient treatment of substantive law, and the liberal standards that apply at the pleading stage do not apply after a case has progressed to the summary judgment stage." *Johnson v. Stewart*, No. 08-1521, 2010 WL 8738105, at *3 (6th Cir. May 5, 2010) (citations omitted).

For any unobjected portions of an R&R, "the advisory committee notes to Federal Rule of Civil Procedure 72(b) suggest that the Court still must 'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Redmon v. Noel*, No. 1:21-cv-445, 2021 WL 4771259, at *1 (S.D. Ohio Oct. 13, 2021) (collecting cases).

Here, Plaintiff has not objected to the R&R. Plaintiff's only subsequent filing—his motion for a preliminary injunction—does not mention Magistrate Judge Litkovitz's Report and Recommendation at all. (Doc. 12). Having reviewed the R&R, the Court concludes that the Magistrate Judge did not commit clear error. The Court agrees that 18 U.S.C. § 2381's criminal prohibition on treason does not create a private right of action, and notes that Plaintiff's other referenced statute, 18 U.S.C. § 1028's criminal prohibition on identify fraud, does not either. *Selmon-Austin v. Wells Fargo Bank, N.A.*, No. 22-5873, 2023 U.S. App. LEXIS 9302, *5 (6th Cir. April 17, 2023). That finding compels dismissal of Plaintiff's claim for injunctive relief in his Complaint. And because that is not a mere pleading defect, the Court will dismiss that claim with prejudice. The Court also agrees with the R&R that, because Plaintiff

6

did not exhaust his administrative remedies, the Court lacks subject-matter jurisdiction to decide his Social Security disability claim. *Willis v. Sullivan*, 931 F.2d 390, 397 (6th Cir. 1991). This lack of subject-matter jurisdiction compels dismissal of Plaintiff's remaining claims. *Howard v. Good Samaritan Hosp.*, No. 1:21-cv-160, 2022 WL 92462, at *1 (S.D. Ohio Jan. 10, 2022) ("[T]he vast majority of case law appears to agree, at least tacitly, that § 1915(e)(2)'s screening function includes the ability to screen for lack of subject[-]matter jurisdiction."). But because that dismissal is on jurisdictional grounds, the Court will dismiss those claims without prejudice.

## CONCLUSION

The Court finds no clear error and adopts the R&R in its entirety. Accordingly, the Court **DISMISSES** Plaintiff's Complaint (Doc. 1-6), dismissing his Social Security claim **WITHOUT PREJUDICE** and his request for injunctive relief **WITH PREJUDICE**. The Court **CERTIFIES**, under 28 U.S.C. § 1915(a)(3), that an appeal of this Opinion and Order would not be made in good faith, and **DENIES** Plaintiff leave to appeal in forma pauperis. The Court further **DISMISSES** all pending motions, most notably Plaintiff's request for what appears to be emergency injunctive relief (Doc. 12), as **MOOT**. The Court **DIRECTS** the Clerk to enter judgment and to **TERMINATE** this case on its docket.

SO ORDERED.

September 25, 2025
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**