# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

**JUSTIN Y.[1],**

      **Plaintiff,**

        **v.**

**UNITED STATES OF AMERICA/REPUBLICAN PARTY, et al.,**

      **Defendants.**

**Case No. 1:25-cv-559**

**JUDGE DOUGLAS R. COLE**
**Magistrate Judge Litkovitz**

## **ORDER**

Justin Y., the Plaintiff in this matter, filed a Motion for Leave to Proceed in forma pauperis. (Doc. 1). That motion attached a civil complaint[2] naming a host of parties including the United States, Donald J. Trump, the Social Security Administration, Elon Musk, and various others. (*See* Doc. 1-6). The mixture of typed and handwritten claims are difficult to decipher, but include that Plaintiff "ha[s] to save America and the World." (*Id.* at #293). On August 27, 2025, the Magistrate Judge granted the Motion for Leave to proceed in forma pauperis and then screened the Complaint under 28 U.S.C. § 1915(e)(2)(B). (Docs. 4, 6). The R&R recommended dismissing the Complaint and finding that any appeal would not be in good faith. (Doc. 6). Plaintiff did not object to the R&R, but did seek an injunction. (Doc. 12). On

---

[1] Because this case involves a Social Security claim—which raises significant privacy concerns—the Court refers to the Plaintiff by first name and last initial. *See* General Order 22-01.

[2] In fact, Plaintiff filed four complaints with his initial motion. (Docs. 1-1, 1-4, 1-5, 1-6). The Magistrate Judge and this Court treated the last of those, what Plaintiff called the "Clean" Amended Complaint, (Doc. 1-6), as the operative version.

September 25, 2025, the Court adopted the R&R, thereby dismissing the case without prejudice. (Doc. 17, #685). The Court also denied Plaintiff's request for injunctive relief, and further certified that any appeal would not be made in good faith. (*Id.*)

Plaintiff has since responded with a Motion to Reopen Case (Doc. 19) and filed an Amended Complaint (Doc. 20) on the docket. The Magistrate Judge recommends that the Court deny the former and strike the latter. (Suppl. R&R, Doc. 21). Her R&R notes that Plaintiff did not cite any rule as the basis for his motion. (*Id.* at #703). But, given that he is proceeding pro se, she liberally construed it as a motion for relief from judgment under Rule 60(b). (*Id.*). She listed the various bases for relief under that Rule and found that Plaintiff had shown none of them in his motion. (*Id.* at #703–04). Accordingly, she recommends denial. (*Id.* at #704). And because she recommends the matter stay closed, she also recommends Plaintiff's Amended Complaint be stricken as improvidently filed. (*Id.*). She further provided notice to Plaintiff that he had fourteen days to object, and that failure to do so would result in him forfeiting rights on appeal. (*Id.* at #706). Once again, he did not object, and the time for doing so has long since passed. Accordingly, the Court reviews only for clear error. *Redmon v. Noel*, No. 1:21-cv-445, 2021 WL 4771259, at *1 (S.D. Ohio Oct. 13, 2021) (collecting cases).

The Court sees no clear error in the Supplemental R&R. It correctly cites the bases for relief under Rule 60(b), and does not clearly err in finding that Plaintiff has shown none of them here. Accordingly, the Court denies his request for relief from judgment. Furthermore, as relief from judgment would be a necessary predicate to amending his complaint in this action, the Court further orders that his Amended

Complaint (Doc. 20) be stricken from the record as improvidently filed.[3] Finally, because this case is now closed, the Court orders the Clerk's office not to accept or docket any further filings in this case, except that Plaintiff may file a notice of appeal should he wish. (Whether that notice of appeal would be timely is a separate question, but one for the court of appeals, not this Court.) As the Court observed in *Overton v. United States*, No. 1:11-cv-158, 2012 WL 6061087 at *1 (S.D. Ohio Dec. 6, 2012), in language equally applicable here, "this case is closed, the Court therefore no longer has jurisdiction, and any [further] post-judgment motions can only serve to harass."

## CONCLUSION

The Court finds no clear error and adopts the R&R in its entirety. Accordingly, the Court **DENIES** Plaintiff's Motion to Reopen Case (Doc. 19) and **STRIKES** Plaintiff's Amended Complaint from the record (Doc. 20). The Court also **ORDERS** the Clerk's office to not accept or docket further filings in this case beyond a notice of appeal.

---

[3] The Court previously dismissed Plaintiff's Social Security disability claim without prejudice. (Doc. 17, #685). So he theoretically could renew that claim in this Court. But the time to amend as a matter of course has passed, and Plaintiff failed to request leave from the Court in filing his new complaint. *See* Fed. R. Civ. P. 15(a)(2). Further, the Court has reviewed the Amended Complaint and finds that it does not address the underlying reason why the Court dismissed Plaintiff's Social Security disability claim in the first instance—the Court lacks subject-matter jurisdiction to adjudicate that claim.

**SO ORDERED.**

April 10, 2025
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**